**UNITED STATES LINES, INC.,**
Petitioner,

v.

**FEDERAL MARITIME COMMISSION**
**and United States of America,**
Respondents,

**Hapag-Lloyd A. G., Compagnie Generale Maritime, Intercontinental Transport, and Sea-Land Service, Inc., Intervenors.**

**No. 77–1509.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 14, 1978.

Decided July 28, 1978.

As Amended Aug. 25, 1978.

---

Russell T. Weil, Washington, D. C., with whom Mary L. Montgomery, Washington, D. C., was on the brief, for petitioner.

Carol J. Neustadt, Atty., Federal Maritime Commission, Washington, D. C., with whom Edward G. Gruis, Deputy Gen. Counsel, Federal Maritime Commission, Washington, D. C., was on the brief, for respondent Federal Maritime Commission.

Robert J. Wiggers, Atty., Dept. of Justice, Washington, D. C., with whom Robert B. Nicholson, Atty., Dept. of Justice, Washington, D. C., was on the brief, for respondent United States. Barry Grossman, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for respondent United States.

Edward Schmeltzer, Washington, D. C., with whom George J. Weiner, Washington, D. C., was on the brief, for intervenors Hapag-Lloyd A. G. et al.

Paul J. McElligott and John A. Douglas, Washington, D. C., were on the brief for intervenor Sea-Land Service, Inc.

Before WRIGHT, Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

Opinion for the court filed by Chief Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Chief Judge:

United States Lines, Inc. (USL) petitioned this court for review of an order of the Federal Maritime Commission (FMC) approving *pendente lite* an extension of the authority of two ocean carriers to operate a joint service. On the basis of the principles set forth today in our opinion in *United States Lines, Inc. v. FMC (Euro-Pacific)*, 189 U.S.App.D.C. ——, 584 F.2d 519 (1978), we hold that the Commission failed to address in its order the antitrust implications of the agreement it approved, and that remand of the record to the Commission for further consideration is therefore required.

Combi Lines Joint Service was formed in 1971 by two carriers: Hapag-Lloyd Aktiengesellschaft, A.G. and Intercontinental Transport. Their joint service agreement, Agreement No. 9929–1, allows them to fix rates, share profits and losses, and cooperate to supply tonnage on routes between United States South Atlantic and Gulf Coast Ports and ports in the United Kingdom and Europe.[1] By virtue of the Commission's approval of the agreement under Section 15 of the Shipping Act,[2] it is exempt from the antitrust laws.

On October 1, 1976 Combi Lines submitted to the Commission for approval a proposed amendment, 9929–2, which would result in significant changes in the composition and operation of the service.[3] A number of lengthy protests to this amendment were filed and, with the expiration of the underlying agreement drawing near, Combi

---

1. Joint Appendix (JA) 1–6.

2. 46 U.S.C. § 814 (1970).

3. JA 9–31.

Lines submitted a second amendment, 9929–3, requesting that its existing authority be extended for two additional years while any hearings on 9929–2 took place.[4]

When notice of the filing of 9929–3 was published in the *Federal Register,*[5] protests and requests for hearings were received from USL and Sea-Land Service, Inc. Both carriers objected to any approval *pendente lite* which would allow Combi Lines to increase service above what it was presently providing. In addition, USL invoked the public policy of the antitrust laws in opposing approval.[6]

On April 8, 1977 the FMC issued the order challenged here, providing for expedited investigation and hearing on the questions raised by 9929–2, while extending Combi Lines' basic authority by approving 9929–3 *pendente lite.*[7] The Commission's justification for granting this extension *pendente lite,* which is at issue here, was limited to a single paragraph in its opinion where it stated:

> Although we have directed expeditious handling of the hearing, it will not be possible for us to issue a final decision in these matters prior to the termination on April 8, 1977 of Agreement No. 9929–1 providing for the Combi non-LASH (i. e., conventional and container) service. Therefore, to prevent Agreement 9929–1 from expiring during the course of this proceeding, the Commission hereby approves Agreement No. 9929–3 *pendente lite.* We believe this limited approval satisfies most, if not all, of the protestants' comments with respect to this Agreement, and we are also mindful of the many communications we have received from shippers and port authorities,

both foreign and domestic, urging the continuance of the Combi service. JA 307.

■ This explanation fails to reflect the consideration that is required of the Commission prior to granting its approval under Section 15. *See Euro-Pacific, supra,* 189 U.S.App.D.C. at ——, 584 F.2d at 527–528. As the Justice Department has pointed out in opposing the Commission's *pendente lite* extension,[8] the fact that the FMC could not act before expiration of the old agreement in itself provides no reason at all for an interim extension. The critical question is whether the public interest is served by such an extension and whether the apparent antitrust implications of extending a price-fixing agreement are thereby outweighed. *See Euro-Pacific, supra,* 189 U.S.App.D.C. at ——, ——, 584 F.2d at 527–528, 529–532.

■ Nowhere in its opinion does the Commission address these public interest concerns. The closest it comes to fulfilling this obligation is its statement that it is "mindful" of communications received from shippers and port authorities favoring extension of the agreement. JA 307. But even if these communications were included in the public record,[9] the Commission's reference in no way amounts to a finding that public injury would result if the agreement were not extended or that the need to avoid such injury justifies extension notwithstanding the antitrust implications. Nor is it sufficient that the Commission's decision "satisfies most, if not all, of the protestants' comments." JA 307. Even if the protestants were fully satisfied, and it appears that at least USL is not, we have held that the Commission still has an independent responsibility under Section 15 to consider the antitrust implications of the agreements

---

4. JA 162–163.

5. 42 Fed. Reg. 6392 (1977); JA 171–172.

6. JA 220–225.

7. JA 300–310.

8. The Justice Department, representing the United States as a statutory respondent to this proceeding under 28 U.S.C. § 2344 (1970), ar-

gued against affirmance of the FMC order in this case.

9. *See United States Lines, Inc. v. FMC (Euro-Pacific),* 189 U.S.App.D.C. ——, ——, 584 F.2d 533, 536 (1978) (prohibiting blind references).

submitted to it for approval and to determine whether approval is in the public interest. *Euro-Pacific, supra,* 189 U.S.App.D.C. at ——, 584 F.2d at 531.

Finally, the fact that the extension here is limited to the duration of the investigation and hearings on 9929–2 does not excuse the Commission's failure to consider the antitrust implications of the amendment. As we have made clear in both of the companion cases decided today, *see Euro-Pacific, supra,* 189 U.S.App.D.C. at ——, 584 F.2d at 530, and *Seatrain International, S.A. v. FMC,* 189 U.S.App.D.C. ——, 584 F.2d 546 (1978), the limited duration of a proposed agreement and the fact that it represents an extension of existing authority are certainly factors which may be taken into account by the Commission in its evaluation of the potential anticompetitive consequences of an agreement. But the Commission is still required to conduct such an evaluation. Section 15 applies to "any agreement," [10] and the considerations set forth by the statute, including antitrust implications, must be addressed, although perhaps with varying degrees of thoroughness, whether the agreement involves an extention *pendente lite,* a grant of temporary authority, or an indefinite approval.

Because the Commission's opinion and order approving 9929–3 *pendente lite* fails to reflect any consideration at all of the antitrust implications of the agreement, we must remand the record to the FMC for further consideration.[11]

*So ordered.*

---

**10.** 46 U.S.C. § 814 (1970).

**11.** *See Kennecott Copper Corp. v. EPA,* 149 U.S.App.D.C. 231, 462 F.2d 846 (1972).